**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES M. DIIULIO,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civ. No. 25-4860** |
| | : | |
| **ABBOTT LABORATORIES, INC. et al.,** | : | |
| **Defendants.** | : | |

---

**O R D E R**

Plaintiff James DiIulio alleges that Abbott, his former employer, violated of the Age Discrimination in Employment Act and Pennsylvania Human Relations Act. (Doc. No. 1); 29 U.S.C. § 621, *et seq.*; 43 P.S. § 951, *et seq.* Abbott moves to dismiss or transfer this case to the Northern District of Illinois. (Doc. No. 16.) I will deny the Motion.

## I. BACKGROUND

As alleged, Abbott's predecessor company hired DiIulio in 1999. (Doc. No. 1 ¶¶ 20–21.) In 2018, DiIulio became an employee of Abbott, and entered into an Employee Agreement governed by Illinois law. (Doc. No. 16-2.) DiIulio worked from his home office in Pennsylvania as an Executive Account Manager. (Doc. No. 1 ¶¶ 30–32.) Abbott terminated DiIulio as part of a force reduction in 2023, yet retained younger, less qualified employees. (Id. ¶ 38.) DiIulio applied for another position, but was not selected. (Id. ¶¶ 46–47.)

Abbott seeks to transfer this case to the Northern District of Illinois under the Employee Agreement's forum selection clause. (Doc. No. 15.) The matter is fully briefed. (Doc. Nos. 15–18.)

## II. LEGAL STANDARDS

Although Abbott purports to move to "dismiss, or in the alternative to transfer," it moves only under 28 U.S.C. § 1404(a), which governs transfer for convenience.

In considering a § 1404 transfer motion, I ordinarily conduct an "individualized, case-by-case consideration of convenience and fairness." 28 U.S.C. § 1404(a); see Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995); Leonettl's Frozen Foods, Inc. v. Crew, Inc., No. CV 15-4169, 2015 WL 5769228, at *4 (E.D. Pa. Sept. 30, 2015). In exercising this discretion, I must consider the statute's enumerated factors, and balance public and private interests. Jumara, 55 F.3d at 879-80. The private interests include: the Parties' preferences; whether the claim arose elsewhere; the convenience of the Parties and witnesses; and the location of relevant books and records. Id. Public interests include: the enforceability of any judgment; practical considerations making trial easy, expeditious, or inexpensive; the comparative efficiency of the two courts; local interest in deciding local controversies; the Court's public policies; and the Court's familiarity with the applicable state law. Id. at 879-80.

When a transfer motion rests on a valid forum selection clause, however, I must adjust my analysis, considering only the Jumara public interest factors. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 579, 581 n.5 (2013). Accordingly, I may "deem the private-interest factors to weigh entirely in favor of the reselected forum." Id. at 582. Additionally, Plaintiff's chosen forum merits no weight here. As the Party defying the forum selection clause, DiIulio must show that transfer is unwarranted. Id. at 581-82.

## III. DISCUSSION

I agree that this suit could have been brought in the Northern District of Illinois, where defendant Abbott resides. 28 U.S.C. § 1391(b)(1). Accordingly, "venue would have been proper in the proposed transferee court if brought there in the first instance." Gold Line, Inc. v. OurBus, Inc., No. 20-cv-2015, 2022 U.S. Dist. LEXIS 198037, at *40 (M.D. Pa. Oct. 31, 2022). I nonetheless conclude that transfer is not warranted.

**A. The Forum-Selection Clause**

DiIulio argues that the forum selection clause is inapplicable because his statutory claims do not "arise out of or relate to" the Employee Agreement. (Doc. No. 18.) I agree.

When construing a contract, the Court's "primary objective" is "to give effect to the intent of the parties." Right Field Rooftops, LLC v. Chicago Cubs Baseball Club, LLC, 870 F.3d 682, 689–90 (7th Cir. 2017). When a contract's words are clear and unambiguous, the court must read them according to their "plain, ordinary and popular meaning." Id. (quoting Cent. Ill. Light Co. v. Home Ins. Co., 821 N.E.2d 206, 213 (2004)).

The Agreement's forum selection clause provides that "any action or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby . . . shall be heard and determined in Lake County, Illinois state court or the Northern District of Illinois federal court." (Doc. No. 16-2 ¶ 16.)

DiIulio's age discrimination claims do not "arise out of the contractual relation" or "implicate the contract's terms." Pomerantz v. Hard Rock Café Franchise Group, LLC, 2020 WL 6447306 (N.D. Ill. Nov. 3, 2020) (quoting Crescent Int'l, Inc. v. Avatar Cmtys., Inc., 857 F.2d 943, 944 (3d Cir. 1988)). Abbott does not contend DiIulio breached any of those terms, and DiIulio's statutory claims are not "rooted in the same facts" as a parallel contractual claim. Prof'l LED Lighting, Ltd. V. Aadyn Tech., LLC, No. 14-2440, 2014 WL 6613012, at *6 (N.D. Ill. May 12, 2016).

Although DiIulio's statutory discrimination claims "relate to" his employment with Abbott, they do not "arise out of" or "relate to" the Employee Agreement. See Yevak v. Nilfisk-Advance, Inc., No. 15-5709, 2016 WL 538333 at *3 (E.D. Pa. Feb. 11, 2016) ("The lawsuit does relate to Plaintiff's employment, but Plaintiff's employment is not the same thing as Plaintiff's employment

agreement.”). The Agreement does not specify DiIulio’s job duties or possible grounds for his termination (other than abrogating confidentiality.) (See Doc. No. 16-2.) Rather, the Agreement concerns non-competition, intellectual property, confidentiality, and other aspects of Abbott’s competitive advantage—which have nothing to do with DiIulio’s ADEA and PHRA claims. (See id.); see Flynn v. eKidzCare, Inc., No. 18-5282, 2019 WL 3759489 at *4 (E.D. Pa. Aug. 9, 2019) (contrasting an agreement which “generally sets forth the conditions of the Plaintiff’s employment” with one that was “designed to protect the Company’s Confidential Information [and] business relationships”). Accordingly, the forum selection clause does not govern the instant dispute.

**A. Jumara factors**

I may still transfer this case if the private and public interest factors in Jumara favor transfer. See Jumara, 55 F.3d at 879–80. They do not.

Plaintiff chose to sue in this District, where he resides and where he worked for Defendant. See Dariz v. Republic Airline Inc., 377 F.Supp.3d 499, 503 (2019) (finding that the “central facts of” an ADEA Plaintiff’s claim arose where his “interview, training, and termination all occurred”). That choice “should not be lightly disturbed.” Id. Although Abbott is headquartered in Illinois, its preference to litigate there is “entitled to considerably less weight than a plaintiff’s.” EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp.2d 728, 730 (E.D. Pa. 2003).

Abbott has identified possible witnesses in New Jersey, New York, Michigan, North Carolina, Arizona, Missouri, California, and Peru. (Doc. No. 16-1 ¶¶ 5–12.) The third-party contractor Abbott hired to assist in the restructuring leading to Plaintiff’s termination is based in Illinois. (Id. ¶ 12.) There is “no reason to believe” these widely scattered witnesses would be any more inconvenienced by a trial in this District or would be more available for a trial in Illinois.

Mitel Networks Corp. v. Facebook, Inc., 943 F.Supp.2d 463, 473 (D. Del. 2013). The private interest factors thus weigh against transfer.

The first two public interest factors—the enforceability of judgment and practicality of trial—are neutral. See Jumara, 55 F.3d at 879. The third public interest factor—the comparative congestion in the dockets of the two Districts—weighs slightly against transfer. See id.; (Doc. No. 16-3 (showing that this District disposes of cases 28% faster than the Northern District of Illinois)). The final three public interest factors—the local interest in the controversy, the public policies of the fora, and the familiarity of the trial judge with applicable state law—are all either neutral or weigh against transfer. See Jumara, 55 F.3d at 879–80; Deniz, 377 F.Supp.3d at 504 (finding a local interest where the plaintiff's employment "would ultimately [have] been based," and the last two factors neutral where the "primary contention" was employment discrimination). In sum, because Abbott has not shown that transfer is warranted, I will deny the Motion.

* * *

**AND NOW,** this 20th day of November, 2025, upon consideration of Defendant's Motion to Dismiss or Transfer (Doc. Nos. 7, 15), and Plaintiff's Response (Doc. No. 18), it is hereby **ORDERED** that the Motion (Doc. Nos. 7, 15) is **DENIED.**

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.