**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES M. DIIULIO,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Civ. No. 25-4860** |
| | : | |
| **ABBOTT LABORATORIES, INC. et al.,** | : | |
| **Defendants.** | : | |

---

**O R D E R**

Defendant Abbott moves for reconsideration of my Order denying transfer of this employment discrimination case. (Doc. Nos. 19, 25.) I will deny the Motion.

## I. BACKGROUD

As alleged, Abbott's predecessor company hired DiIulio in 1999. (Doc. No. 1 ¶¶ 20–21.) In 2018, DiIulio became an employee of Abbott, and entered into an Employee Agreement governed by Illinois law. (Doc. No. 16-2.) DiIulio worked from his home office in Pennsylvania as an Executive Account Manager. (Doc. No. 1 ¶¶ 30–32.) Abbott terminated DiIulio as part of a force reduction in 2023, yet retained younger, less qualified employees. (Id. ¶ 38.) DiIulio applied for another position, but was not selected. (Id. ¶¶ 46–47.)

Abbott moved unsuccessfully to dismiss or transfer to the North District of Illinois under the Agreement's forum selection clause. (Doc. Nos. 15, 19.) Abbott now seeks reconsideration, arguing again that DiIulio's age discrimination claims "arise out of or relate to" the Employment Agreement. (Doc. No. 25.) The matter is fully briefed. (Doc. Nos. 25–27, 31–32.)

## II. LEGAL STANDARDS

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Reconsideration will be granted only if the moving party establishes: "(1) an intervening

change in controlling law; (2) the availability of new evidence that was not available when the court [ruled]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The courts "exercise[] discretion on the issue of whether to grant a motion for reconsideration." Barefoot v. Wellness Pub., No. 06-2942, [2010 BL 49852], 2010 WL 893571 (D.N.J. Mar. 8, 2010) (citing North River Ins. Co. v. Cigna Reins. Co., 52 F.3d 1194, 1203 (3d Cir. 1995)).

Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937 (E.D. Pa. 1995). "The motion should not be granted if the moving party is merely asking the court to 'rethink' what it has already rightly or wrongly decided." Retail Brand All., Inc. v. Rockvale Outlet Ctr., LP, No. 06-01857, [2007 BL 318350], 2007 WL 966509 (E.D. Pa. Mar. 28, 2007) (citing Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109 (E.D. Pa. 1993)).

## III. DISCUSSION

In rejecting Abbott's transfer Motion, I ruled that DiIulio's statutory discrimination claims do not "arise out of or relate to" the Employee Agreement. (Doc. No. 19.) I will not reconsider this ruling.

Abbott argues that the Agreement "had broader applicability to Plaintiff's employment than just 'non-competition, intellectual property, confidentiality, and other aspects of Abbott's competitive advantage.'" (Doc. No. 32 at 3 (quoting Doc. No. 19 at 4.).) The Company urges that I failed to address the at-will provision and the "interplay of the provisions subjecting Plaintiff to termination for violating Abbott's policies." (Doc. No. 32 at 3.) Yet, Abbott provides no new evidence or intervening change of law requiring reconsideration. (See Doc. No. 26.) Instead, Abbott disagrees with my ruling. (See id.); see Evans v. United States, 173 F.Supp.2d 334, 335

(E.D. Pa. 2001) ("Dissatisfaction with the Court's ruling is not a proper basis for reconsideration.").

Abbott contends that two other federal district courts analyzing the same forum selection clause at issue here decided in favor of transfer. (Doc. No. 26 at 5.) These decisions are advisory, and both involved allegations that "implicate the contract's terms." Pomerantz v. Hard Rock Café Franchise Group, LLC, 2020 WL 6447306 (N.D. Ill. Nov. 3, 2020) (quoting Crescent Int'l, Inc. v. Avatar Cmtys., Inc., 857 F.2d 943, 944 (3d Cir. 1988)); See Matias v. Abbott Lab'ys., Inc., No. 24-10328, 2025 WL 2110241 at *2 (D.N.J. July 29, 2025) (Abbott alleged the Plaintiff owed it $42,490.52 under the Agreement and the Plaintiff alleged he was terminated from a second position after Abbott enforced the Agreement's non-competition clause); Rose v. Abbott Lab'ys., Inc., No. 24-2049, 2025 WL 507755 (N.D. Ohio Feb. 14, 2025) ("Ms. Rose claims she was discriminated against and unlawfully terminated. Abbott asserts in response that Ms. Rose was terminated for violating Abbott's policies and Code of Business Conduct."). There are no similar allegations here. (See Doc. No. 26 at 6 (no allegations DiIulio breached the Agreement).)

Abbott also presents for the first time authority that it urges mandates transfer. (See Doc. Nos. 26, 32.) Because Abbott elected not to make this argument or present this authority when it moved for transfer in the first instance, it may not do so now in support of its Motion for Reconsideration. See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) ("Whatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not."); Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D. Del. 1990) (reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided").

*    *    *

**AND NOW**, on this 22nd day of December, 2025, upon consideration of Defendant's Motion for Reconsideration (Doc. No. 25); Supporting Brief (Doc. No. 26); Plaintiff's Response (Doc. No. and Defendant's Reply (Doc. No. 32); it is hereby **ORDERED** that the Motion (Doc. No. 25) is **DENIED.**

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.